JEFFER MANGELS & MITCHELL LLP
MICHAEL GOLD (Bar No. 90667)
mgold@jeffer.com
MATTHEW S. KENEFICK (Bar No. 227298)
mkenefick@jeffer.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Adam B. Michaels (*pro hac vice to be filed*)
HAND BALDACHIN & ASSOCIATES LLP
1325 Avenue of the Americas, 28th Floor
New York, NY 10019
Phone: (212) 956-9500
amichaels@hballp.com

Counsel for Defendant,
The Arena Group Holdings, Inc.

JMM | Jeffer Mangels & Mitchell LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENDALL MCKENZIE and YI-CHIEH CHENG<br><br>Plaintiffs,<br><br>vs.<br><br>THE ARENA GROUP HOLDINGS INC,<br><br>Defendant. | Case No.: 5:26-cv-00017 JGB (SPx)<br><br>**DEFENDANT THE ARENA GROUP HOLDINGS INC.'S ANSWER TO COMPLAINT**<br><br>Complaint filed: January 5, 2026 |

Defendant The Arena Group Holdings, Inc. ("Arena") answers the Complaint of Plaintiffs Kendall McKenzie and Yi-Chieh Cheng ("Plaintiffs").

/ / /

/ / /

**NATURE OF THE CASE**

1. The allegations in this paragraph are Plaintiffs' characterization of this action and contain legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Arena admits that Plaintiffs purport to bring a class action against Arena for alleged violation of California law. Arena denies the remaining allegations in this paragraph.

2. Arena admits that it makes available on www.thestreet.com, www.parade.com, and www.athlonsports.com (the "Websites") certain third-party cookies and tracking technology, with the knowledge and agreement of Websites' users. Arena denies the remaining allegations in this paragraph.

3. Arena denies the allegations in this paragraph.

4. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, Arena denies the allegations in this paragraph and specifically denies that any technology used on the Websites constitutes a "pen register" or "trap and trace device" within the meaning of the referenced statute

5. The allegations in this paragraph are Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Arena admits that Plaintiffs purport to bring this action to recover statutory and compensatory damages. Arena denies the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

6. Whether the Court has jurisdiction over this action is a legal conclusion to which no response is required. To the extent that a response is required, Arena lacks knowledge or information sufficient to form a belief as to the truth of either the number of members of the proposed class or the citizenship of the class members and therefore denies those allegations. Arena denies the remaining allegations in this paragraph.

7. Whether the Court has personal jurisdiction over Arena is a legal conclusion to which no response is required. To the extent any response is required, Arena lacks knowledge

JMM | Jeffer Mangels & Mitchell LLP

JMM Jeffer Mangels & Mitchell LLP

or information sufficient to form a belief as to the allegation regarding "several million" California users and therefore denies the allegation. Arena also lacks knowledge or information sufficient to form a belief as to the ownership, operation, or legal status of the third-party entities referenced and therefore denies the allegation. Arena denies that its use of any third-party services subjects it to personal jurisdiction in California. Arena admits that it offers subscriptions to users of the Websites, but denies the allegations regarding sales to California residents. Arena admits that its privacy policy includes disclosures intended to comply with applicable law, including provisions addressing the rights of California residents, but denies that such disclosures constitute purposeful direction of activities toward California for purposes of personal jurisdiction. Arena denies the remaining allegations in this paragraph.

8. Whether venue properly lies in this District is a legal conclusion to which no response is required. Arena denies the remaining allegations in this paragraph.

**THE PARTIES**

9. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

10. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

11. Arena admits that it is a Delaware corporation with its principal place of business in New York, NY, and that it operates multiple media websites accessible to users nationwide, including in California. Arena denies the allegations of this paragraph to the extent they mischaracterize the referenced materials, which speak for themselves. Arena denies the remaining allegations in this paragraph, including any characterization of its business, website traffic, or user metrics.

**FACTUAL ALLEGATIONS**

**I. CIPA**

12. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Arena states that the referenced provisions of the

California Penal Code speak for themselves. To the extent Plaintiffs' characterizations conflict with or misstate those laws, rules, or regulations, Arena denies those allegations.

13. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Arena states that the referenced provisions of the California Penal Code speak for themselves. To the extent Plaintiffs' characterizations conflict with or misstate those laws, rules, or regulations, Arena denies those allegations.

14. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Arena states that the referenced provisions of the California Penal Code speak for themselves. To the extent Plaintiffs' characterizations conflict with or misstate those laws, rules, or regulations, Arena denies those allegations.

**II. <u>IP Addresses</u>**

15. The allegations in this paragraph are general, background assertions regarding IP addresses and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

16. The allegations in this paragraph are general, background assertions regarding IP addresses and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

17. The allegations in this paragraph are general, background assertions regarding IP addresses and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

/ / /

/ / /



80380487v1
JMM Jeffer Mangels & Mitchell LLP

18. The allegations in this paragraph are general, background assertions regarding IP addresses and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them. By way of further response, Arena states that the referenced provision of the GDPR speaks for itself. To the extent Plaintiffs' characterizations conflict with or misstate those laws, rules, or regulations, Arena denies those allegations.

**III. Cookies, Fingerprinting, and Identity Syncing/Resolution**

19. The allegations in this paragraph are general, background assertions regarding cookies and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

20. The allegations in this paragraph are general, background assertions regarding cookies and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

21. The allegations in this paragraph are general, background assertions regarding cookies and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

22. The allegations in this paragraph are general, background assertions regarding cookies and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

23. The allegations in this paragraph are general, background assertions regarding cookies and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

24. The allegations in this paragraph are general, background assertions regarding cookies and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

25. The allegations in this paragraph are general, background assertions regarding cookies and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

26. The allegations in this paragraph are general, background assertions regarding cookies and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

27. The allegations in this paragraph are general, background assertions regarding cookies and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

28. The allegations in this paragraph are general, background assertions regarding cookies and related technologies that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

**IV. The Digital Advertising Marketplace**

29. The allegations in this paragraph are general, background assertions regarding digital advertising that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

30. The allegations in this paragraph are general, background assertions regarding digital advertising that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

31. The allegations in this paragraph are general, background assertions regarding digital advertising that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

32. The allegations in this paragraph are general, background assertions regarding digital advertising that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

JMM Jeffer Mangels & Mitchell LLP

33. The allegations in this paragraph are general, background assertions regarding digital advertising that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

34. The allegations in this paragraph are general, background assertions regarding digital advertising that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

35. The allegations in this paragraph are general, background assertions regarding digital advertising that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

36. The allegations in this paragraph are general, background assertions regarding digital advertising that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

37. The allegations in this paragraph are general, background assertions regarding digital advertising that do not pertain to any conduct by Arena, and therefore no response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

38. The allegations in this paragraph are general, background assertions regarding digital advertising that do not pertain to any conduct by Arena, and therefore no

response is required. To the extent a response is deemed required, Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

39. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Arena states that the applicable provisions of the California Civil Code speak for themselves. To the extent Plaintiffs' characterizations conflict with or misstate those laws, rules, or regulations, Arena denies those allegations.

40. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

41. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

**V. Defendant's Surreptitious Installation and Use of Third-Party Trackers**

42. Arena admits that it owns and operates the Websites. Arena denies the allegations of this paragraph to the extent they mischaracterize the referenced materials, which speak for themselves

43. Arena admits that the Websites utilize standard HTTP communication. Arena otherwise lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

44. Arena lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

45. Arena lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

46. Arena denies that it "installs trackers" on users' browsers or uses data in the manner alleged. Arena admits that it uses standard advertising and analytics technologies and derives revenue from advertising, but denies the remaining allegations, including any characterization of its practices, purposes, or revenue as alleged. Arena denies the allegations of

JMM | Jeffer Mangels & Mitchell LLP

this paragraph to the extent they mischaracterize the referenced materials, which speak for themselves.

47. Arena admits that it participates in affiliate marketing programs and may earn commissions when users make purchases through links on its websites. Arena denies the remaining allegations, including any characterization of such activities as “targeted advertising” or otherwise as alleged. Arena denies the allegations of this paragraph to the extent they mischaracterize the referenced materials, which speak for themselves.

48. Arena denies that it obtains, uses, or distributes personal information in the manner alleged, denies that any such information has the economic value or function alleged, and denies that Plaintiffs or any putative class members have suffered any injury as a result of Arena’s conduct. Arena denies the remaining allegations of this paragraph.

49. Arena denies the allegations of this paragraph.

50. Arena admits that it uses standard advertising and analytics technologies and derives revenue from advertising, but denies that it obtains, uses, or distributes personal information in the manner alleged denies the remaining allegations, including any characterization of its practices, purposes, or revenue as alleged. Arena denies the remaining allegations of this paragraph.

51. Arena denies the allegations of this paragraph.

52. Arena denies it obtains, uses, or distributes user information in the manner alleged. Arena denies the remaining allegations of this paragraph.

53. Arena denies the allegations of this paragraph.

**A. The Adnxs Tracker**

54. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

55. Arena lacks knowledge or information sufficient to admit or deny the allegations in this paragraph regarding the actions or knowledge of persons or entities other than Arena and therefore denies those allegations. Arena admits that the Websites utilize standard



JMM Jeffer Mangels & Mitchell LLP

HTTP communication, but denies that it obtains, uses, or distributes user information in the manner alleged. Arena denies the remaining allegations of this paragraph.

56. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

57. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

58. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

59. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

60. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

61. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

62. Arena lacks knowledge or information sufficient to admit or deny the allegations in this paragraph regarding the actions or knowledge of persons or entities other than Arena and therefore denies those allegations. Arena admits that it uses standard advertising and analytics technologies and derives revenue from advertising, but denies that it obtains, uses, or distributes user information in the manner alleged. Arena denies the remaining allegations of this paragraph.

63. Arena lacks knowledge or information sufficient to admit or deny the allegations in this paragraph regarding the actions or knowledge of persons or entities other than Arena and therefore denies those allegations. Arena admits that it uses standard advertising and analytics technologies and derives revenue from advertising, but denies that it obtains, uses, or distributes user information in the manner alleged. Arena denies the remaining allegations of this paragraph.

64. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

65. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

66. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

**B. The Casale Media Tracker**

67. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

68. Arena lacks knowledge or information sufficient to admit or deny the allegations in this paragraph regarding the actions or knowledge of persons or entities other than Arena and therefore denies those allegations. Arena admits that the Websites utilize standard HTTP communication, but denies that it obtains, uses, or distributes user information in the manner alleged. Arena denies the remaining allegations of this paragraph.

69. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

70. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

71. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

72. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

73. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

74. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.



JMM Jeffer Mangels & Mitchell LLP

75. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

**C. The Pubmatic Tracker**

76. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

77. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

78. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

79. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

80. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

81. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

82. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

83. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

84. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

85. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

86. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.



JMM | Jeffer Mangels & Mitchell LLP

**C. The TripleLift Tracker**

87. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

88. Arena lacks knowledge or information sufficient to admit or deny the allegations in this paragraph regarding the actions or knowledge of persons or entities other than Arena and therefore denies those allegations. Arena admits that the Websites utilize standard HTTP communication, but denies that it obtains, uses, or distributes user information in the manner alleged. Arena denies the remaining allegations of this paragraph.

89. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

90. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

91. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

92. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

93. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

38. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.[1]

39. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

40. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations

[1] Arena notes that the Complaint contains duplicative paragraph numbering and its responses correspond to the paragraphs as labeled in the Complaint.



JMM Jeffer Mangels & Mitchell LLP

**E. The Bounce Exchange Tracker**

38. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

39. Arena admits that when someone visits the Websites using an internet browser, the browser sends an HTTP request to Arena's servers, and Arena's servers send an HTTP response. Arena otherwise lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

40. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

41. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

42. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

43. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

44. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

45. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

46. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

47. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

48. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

49. Arena lacks knowledge or information sufficient to admit or deny the allegations in this paragraph regarding the actions or knowledge of persons or entities other than

JMM Jeffer Mangels & Mitchell LLP

Arena and therefore denies those allegations. Arena admits that it uses standard advertising and analytics technologies and derives revenue from advertising, but denies that it obtains, uses, or distributes user information in the manner alleged. Arena denies the remaining allegations of this paragraph.

50. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

51. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegation

**F. 33Across Tracker**

52. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

53. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

54. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

55. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

56. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

57. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

**Plaintiff's Experiences**

Plaintiff Kendall McKenzie

58. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

59. Arena denies the allegations in this paragraph.

60. Arena denies the allegations in this paragraph.

JMM Jeffer Mangels & Mitchell LLP

61. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

62. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

63. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

Plaintiff Yi-Chieh Cheng

64. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

65. Arena denies the allegations in this paragraph.

66. Arena denies the allegations in this paragraph.

67. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

68. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

69. Arena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

## CLASS ACTION ALLEGATIONS

70. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, Arena denies the allegations in this paragraph.

71. Arena admits that Plaintiffs purport to bring this action on behalf of itself and as a class action, and that Plaintiffs set forth a purported class definition, but denies that class treatment of this action or Plaintiffs' class definition is appropriate.

72. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, Arena denies that class treatment of this action or Plaintiffs' class definition is appropriate.



JMM Jeffer Mangels & Mitchell LLP

73. Arena is without information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiffs' knowledge or beliefs and regarding the number of purported class members, and, on that basis, denies those allegations. The remainder of this paragraph contains legal conclusions that do not require a response. To the extent a response is required, Arena denies that class treatment of this action or Plaintiffs' class definition is appropriate.

74. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, Arena denies the allegations in this paragraph.

75. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, Arena denies the allegations

76. Arena is without information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiffs' and Plaintiffs' counsels' status or conduct, and, on that basis, denies those allegations. The remainder of this paragraph contains legal conclusions that do not require a response. To the extent a response is required, Arena denies that class treatment of this action or Plaintiffs' class definition is appropriate.

77. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, Arena denies that class treatment of this action or Plaintiffs' class definition is appropriate.

78. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, Arena denies that class treatment of this action or Plaintiffs' class definition is appropriate.

**<u>CAUSES OF ACTION</u>**

**<u>COUNT ONE</u>**

**VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT**

**CAL. PENAL CODE § 638.51**

79. No response is required to this paragraph because Plaintiffs are merely



JMM Jeffer Mangels & Mitchell LLP

reincorporating preceding allegations. To the extent that a response is required, Arena denies the allegations in this paragraph.

80. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Arena states that the applicable provisions of the California Penal Code speak for themselves.

81. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Arena states that the applicable provisions of the California Penal Code speak for themselves.

82. Arena denies the allegations in this paragraph.

83. Arena denies the allegations in this paragraph.

84. The allegations in this paragraph are legal conclusions to which no response is required.

85. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, Arena lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

86. No response is required to this paragraph because it states a legal conclusion. To the extent a response is required, Arena denies that it obtains, uses, or distributes user information in the manner alleged and specifically denies that it utilizes "pen registers."

87. Arena denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

Except as stated above, Arena denies each and every allegation in the Complaint. Arena denies that Plaintiffs are entitled to any relief. Arena requests that the Court enter judgment in favor of Arena, and that the Court award Arena such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' Complaint and each alleged cause of action, Arena alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Compliance with Applicable Statutes and Regulations)

At all relevant times, Arena operated the Websites using standard web technologies to enable content delivery, measure traffic, and improve user experience. When users visited the sites, their browsers transmitted routine HTTP requests and associated data necessary for the websites to function. Arena provided disclosures regarding the use of cookies and similar technologies through its privacy policy and on-site notices. The alleged conduct consists of ordinary website operation and does not constitute "interception" or the use of a "pen register" or "trap and trace device" within the meaning of CIPA. To the extent Plaintiffs attempt to extend CIPA beyond its statutory scope to cover routine web communications, their claims are barred.

## SECOND AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs lack Article III standing because they do not allege a concrete, particularized injury arising from Arena's conduct. Plaintiffs voluntarily visited Arena's websites, and any information allegedly collected consisted of standard web interaction data transmitted as part of standard internet communications. Plaintiffs do not allege any misuse of their information, economic loss, or disclosure of sensitive personal content beyond what is inherent in routine website functionality. Accordingly, Plaintiffs have not suffered an injury in fact and lack standing.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel/Waiver)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver. At the time of their visits, Plaintiffs were presented with disclosures regarding data collection and the use of cookies or similar technologies and proceeded to use the Websites notwithstanding those disclosures. By voluntarily continuing to browse, interact with content, and



JMM Jeffer Mangels & Mitchell LLP

transmit information through their browsers, Plaintiffs knowingly relinquished any objection to the ordinary operation of such technologies and are estopped from asserting claims based on that conduct.

**FOURTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

Any alleged injury or damage was not proximately caused by Arena. The information at issue, if any, was generated by Plaintiffs' own devices and transmitted through third-party browsers and networks as part of standard internet communications. To the extent any data was processed or received by third parties, such conduct resulted from independent actions of third-party service providers and Plaintiffs' own use of their devices and settings, rather than any actionable conduct by Arena.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent)**

Plaintiffs' claims are barred because they consented to the alleged conduct. Prior to and during their use of the Websites, Plaintiffs were provided with notice that cookies, pixels, and similar technologies may be used to collect information regarding user interactions, yet chose to proceed with their use of the Websites. Plaintiffs' voluntary use of the Websites with knowledge of these practices constitutes consent under applicable law.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure To Mitigate Damages)**

Plaintiffs failed to take reasonable steps to mitigate any alleged harm. Plaintiffs could have avoided or minimized any alleged data collection by declining cookies, adjusting browser or device privacy settings, using widely available privacy tools, or discontinuing use of the Websites. By choosing to use the Websites without taking such measures, Plaintiffs failed to mitigate any alleged damages, which must be reduced accordingly.

JMM | Jeffer Mangels & Mitchell LLP

JMM | Jeffer Mangels & Mitchell LLP

**SEVENTH AFFIRMATIVE DEFENSE**

**(Adequate Representatives)**

Plaintiffs are not adequate representatives of the putative class because their alleged experiences with the Websites, including the pages visited, devices used, browser configurations, and consent choices, are not typical of those of absent class members. These individualized issues render Plaintiffs unable to fairly and adequately represent the interests of the putative class.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands. On information and belief, Plaintiffs intentionally visited the Websites for the purpose of generating claims, including by manipulating browser settings or using automated tools designed to test or trigger website functionalities. Such conduct is inequitable and directly related to the claims asserted, barring or limiting any recovery.

**NINTH AFFIRMATIVE DEFENSE**

**(Class Action Requirements)**

Plaintiffs cannot satisfy the requirements of Rule 23. Determining liability would require individualized inquiries into, among other things, each user's consent, browser and device configuration, interaction with consent tools, and the specific data allegedly collected. These individualized issues predominate over any common questions, and a class action is neither a superior nor manageable method for resolving the claims.

**PRAYER FOR RELIEF**

**WHEREFORE**, Arena prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint and that Plaintiffs' Complaint be dismissed with prejudice;
2. That Plaintiffs' request for class certification is denied;
3. That Plaintiffs' request for appointment as class representatives and their counsel as class counsel is denied;

4. That Plaintiffs' request for attorney's fees and costs is denied;

5. That Arena be awarded its costs of suit, including attorneys' fees incurred herein;

6. That Plaintiffs' request for prejudgment and post-judgment interest on such monetary relief is denied; and

7. That this Court award Arena such other and further relief as it may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 38-1, Arena hereby demands a trial by jury.

DATED: March 26, 2026

JEFFER MANGELS & MITCHELL LLP
MICHAEL A. GOLD
MATTHEW S. KENEFICK

By: */s/ Matthew S. Kenefick*
MATTHEW S. KENEFICK
Attorneys for Defendant, The Arena Group Holdings, Inc.

JMM Jeffer Mangels & Mitchell LLP